UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE JOHNSON, | ) | Civ. 12-4106-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| DOUGLAS L. WEBER, Warden, | ) | MOTION TO DISMISS |
| Director of Prison Operations; | ) | |
| BRANDI CSORDACSICS; and | ) | |
| HEATHER BOWERS, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Douglas L. Weber, Brandi Csordacsics, and Heather Bowers, move to

dismiss plaintiff's complaint pursuant to the *Younger* abstention doctrine. Docket 15. Plaintiff,

Leslie Johnson, has not opposed the motion. Based on a review of the file and for the reasons

set forth below, the court grants defendants' motion to dismiss Johnson's complaint.

## FACTUAL BACKGROUND

Johnson filed this § 1983 action against defendants on June 8, 2012, alleging that

defendants denied him access to medical care, thus subjecting him to cruel and unusual

punishment in violation of the Eighth Amendment. Docket 1. On September 5, 2012, as

demonstrated by the documents attached to defendants' brief in support of motion to dismiss,

Johnson filed a state action against defendants, alleging that defendants failed to protect him

from the threat of harm posed both by documented medical needs and the behavior of other

inmates. Docket 15-1. Almost two weeks later, on September 18, 2012, Johnson moved the

Second Judicial Circuit for discovery and requested that the state court grant a temporary

injunction in his favor. Docket 15-4; Docket 15-5.

On September 20, 2012, this court responded to Johnson's § 1983 action by granting him leave to proceed in forma pauperis, screening his original complaint, and ordering that a summons be issued. Docket 7. Then, on October 2, 2012, before defendants received notice of Johnson's federal action, Johnson submitted an amended complaint to the Second Judicial Circuit in which he added various claims, including those claims asserted in the action before this court. Docket 15-6. Defendants responded to the state action on October 9, 2012. Docket 15-7. On October 31, 2012, defendants moved for dismissal of Johnson's federal action, arguing that this court ought to dismiss Johnson's § 1983 claim "in light of the ongoing proceedings in state court." Docket 14. As previously noted, Johnson has not responded to defendants' motion to dismiss.

## DISCUSSION

"Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). The United States Supreme Court has "identified several factors that should lead to abstention under *Younger*: (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If abstention is appropriate, the "court generally must dismiss the action, not stay it pending final resolution of the state-court proceedings." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1251 (8th Cir. 2012)

2

(citing *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1989) ("Where *Younger* abstention is appropriate, a district cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.")).

With regard to the first factor, "[t]here is no fixed requirement in law that a state judicial proceeding must have been initiated before the federal case was filed for abstention to be appropriate, and a court should examine what was actually taking place in both settings to decide whether to abstain." *Aaron*, 357 F.3d at 775. "Whether proceedings of substance have taken place in either case is a key factor. *Id.* In the instant case, Johnson's federal action was initiated on June 18, 2012, more than two months prior to his state action. Docket 1; Docket 15-1. Nonetheless, Johnson has done nothing more than file a complaint and request leave to proceed in forma pauperis in his federal action. Docket 1; Docket 3. In Johnson's state action, on the other hand, he has filed a complaint (Docket 15-1), a motion for discovery (Docket 15-4), a motion for temporary injunction (Docket 15-5), and an amended complaint (Docket 15-6). Additionally, Johnson wrote a letter to the circuit court on October 24, 2012, requesting a motion hearing. Docket 15-8. It is therefore apparent that Johnson has been pursuing his state court action while letting his federal action sit dormant. Accordingly, the court finds that the first factor weighs in favor of abstention. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (finding that abstention was appropriate in the federal action where litigation was in an embryonic stage with no contested matter decided, even despite the fact that the federal action was filed before the state action).

The second requirement for abstention "is that the ongoing state proceeding involve an important state interest." *Aaron*, 357 F.3d at 777. Here, Johnson's claims relate directly to his

3

confinement in prison. As the United States Supreme Court has noted, "[i]t is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973).

> Moreover, because most potential litigation involving state prisoners arises on a day-to-day basis, it is most efficiently and properly handled by the state administrative bodies and state courts, which are, for the most part, familiar with the grievances of state prisoners and in a better physical and practical position to deal with those grievances.

*Id.* at 492. Therefore, because Johnson's claims involve important state interests, the court finds that the second factor weighs in favor of abstention.

With respect to the third requirement, abstention is appropriate "[s]o long as the constitutional claims . . . can be determined in the state proceedings." *Middlesex*, 457 U.S. at 435. "[S]o long as there is no showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain." *Id.* As the United States Supreme Court has established, state and federal courts possess concurrent jurisdiction over § 1983 actions, *Felder v. Casey*, 487 U.S. 131, 139 (1988) (citation omitted), and "[m]inimal respect for the state processes . . . precludes any *presumption* that the state courts will not safeguard federal constitutional rights," *Middlesex*, 457 U.S. at 431 (emphasis in original). In the absence of a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," *Middlesex*, 457 U.S. at 435, the court finds that the third factor weighs in favor of abstention. Accordingly, it is

ORDERED that defendants' motion to dismiss (Docket 14) is granted, and Johnson's complaint (Docket 1) is dismissed without prejudice.

4

Dated this 7th day of May, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy